IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SMITH, CRAIG ANDRADE, DARRYL SHAW, and GARY ELIZARREY, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DREYER'S GRAND ICE CREAM, INC., dba NESTLE DREYER'S ICE CREAM COMPANY, and DOES 1 THROUGH 50, inclusive<br><br>    Defendants. | Case No. 11-5233 SC<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REMAND |

## I. INTRODUCTION

Plaintiffs Charles Smith, Craig Andrade, Darryl Shaw, And Gary Elizarrey (collectively, "Plaintiffs") brought this putative class action in Alameda County Superior Court alleging that Defendants Dreyer's Grand Ice Cream, Inc., dba Nestle Dreyer's Ice Cream Company ("Defendant"), and Does 1 through 50 failed to pay wages and provide meal periods as required by California law. ECF No. 2 Ex. 1 ("Compl."). Defendant subsequently removed the action to federal court. ECF No. 1 ("Not. of Removal."). Now before the Court is Plaintiffs' Motion to Remand this action back to state court. ECF No. 7 ("Mot."). The Motion is fully briefed. ECF Nos. 17 ("Opp'n"), 20 ("Reply"). Pursuant to Civil Local Rule 7-1(b), the Court finds the motion suitable for determination without oral

argument. For the following reasons, the Court GRANTS Plaintiffs' Motion and REMANDS this action to the Superior Court of the State of California in and for the County of Alameda.

## II. BACKGROUND

Defendant is a Delaware Corporation which delivers Nestle and Dreyer's ice cream products nationwide, including in the state of California. Compl. ¶ 4. Plaintiffs are current or former delivery or route drivers for Defendant at its Hayward, California location. Id. ¶ 3. Plaintiffs are all California residents. Id. Plaintiffs allege that Defendant: (1) fails to provide Plaintiffs with meal breaks as required by California law; (2) automatically deducts thirty minutes from Plaintiffs' hours worked every day, denying Plaintiffs wages for all hours worked; and (3) fails to provide Plaintiffs with a second meal period when they work more than 10 hours per day. Id. ¶¶ 8-12.

On September 8, 2011, Plaintiffs filed this putative class action in Alameda County Superior Court on behalf of themselves and all other current and former delivery drivers employed by Defendant in the state of California. Id. ¶ 13. Plaintiffs' Complaint alleges seven statutory causes of action arising under California law: (1) failure to provide meal periods in violation of California Labor Code § 226.7; (2) & (3) failure to pay earned wages in violation of California Labor Code §§ 204, 216; (4) failure to pay minimum wage in violation of California Labor Code § 1194; (5) penalty for failure to provide accurate wage statements in violation of California Labor Code § 226; (6) penalty for failure to pay unpaid wages to severed employees in violation of California

1  Labor Code §§ 201, 202 and 203; and (7) unfair competition and
2  unfair business practices in violation of California Labor Code §
3  17200.  Id. ¶¶ 20-61.  Plaintiffs do not assert any federal causes
4  of action.
5      On October 26, 2011, Defendant removed this action to federal
6  court pursuant to 28 U.S.C. §§ 1331 and 1441, claiming that the
7  Court could assert federal question jurisdiction.  Specifically,
8  Defendant argued that Plaintiffs' claims are preempted by Section
9  301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §
10 185, because they require substantial interpretation of six
11 provisions of a collective bargaining agreement ("CBA") governing
12 the terms and conditions of Plaintiffs' employment.  Not. of
13 Removal at 7.  Defendants' Notice of Removal does not explain why
14 or how Plaintiffs' claims will require interpretation of the CBA.
15 Plaintiffs subsequently moved to remand and sought attorney's fees
16 for the cost incurred as a result of the removal.

**III. LEGAL STANDARD**

A complaint originally filed in state court may be removed to federal court within thirty days of service on the defendant.  28 U.S.C. §§ 1441(a), 1446(b).  On a motion to remand, a defendant bears the burden of showing that a federal court would have jurisdiction from the outset; in other words, that removal was proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Id., see also Plute v. Roadway Package Sys., Inc., 141

F. Supp. 2d 1005, 1008 (N.D. Cal. 2001)("any doubt is resolved in favor of remand"). A district court's subject matter jurisdiction is determined on the basis of the complaint at time of removal, not as subsequently amended. Sparta Surgical Corp. v. Nat'l Ass'n of Secs. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998).

**IV.  DISCUSSION**
  **A.  Preemption Under Section 301 of the LMRA**

Plaintiffs' Motion turns on whether the LMRA preempts Plaintiffs' state law claims. Section 301 of the LMRA vests federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce[.]" 29 U.S.C. § 185(a). The Supreme Court has expanded the preemptive scope of Section 301 to cases for which resolution "is substantially dependent upon analysis of the terms of [a CBA.]" Allis-Chambers Corp. v. Lueck, 471 U.S. 202, 220 (1985).

However, "mere consultation of the CBA's terms, or a speculative reliance on the CBA will not suffice to preempt a state law claim." Humble v. Boeing Co., 305 F.3d 1004, 1008 (9th Cir. 2002). "[A]s long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." Cramer v. Consol. Freightways, Inc., 255 F.3d 683, 690 (9th Cir. 2001). The Ninth Circuit has "stressed that, in the context of § 301 complete preemption, the term 'interpret' is defined narrowly - it means something more than 'consider,' 'refer to,' or 'apply.'" Balcorta

4

1  v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir.
2  2000).
3      Section 301 is not intended to trump substantive labor laws
4  enacted by state legislatures. Humble, 305 F.3d at 1007.
5  Accordingly, a claim brought on the basis of a state law right that
6  is independent of the rights provided for under a CBA is not
7  preempted, even if the grievance arises under the same set of facts
8  that could be pursued under the CBA. Livadas v. Bradshaw, 512 U.S.
9  107, 123-24 (1994). "When the meaning of the [CBA] terms is not
10 the subject of dispute, the bare fact that a [CBA] will be
11 consulted in the course of state law litigation plainly does not
12 require the claim to be [preempted]." Id. at 124.
13     The Ninth Circuit has applied these principles in
14 circumstances similar to the one at the bar. In Valles v. Ivy Hill
15 Corporation, 410 F.3d 1071 (9th Cir. 2005), as in the instant
16 action, a group of employees challenged their employer's meal
17 period policy under the California Labor Code. The Ninth Circuit
18 rejected the employer's preemption arguments, concluding that
19 "[b]ecause the employees have based their meal period claim on the
20 protection afforded them by California state law, without any
21 reference to expectations or duties created by their [CBA], the
22 claim is not subject to preemption[.]" Valles, 410 F.3d at 1082
23 (internal quotations and citations omitted).
24     Defendants' preemption arguments fare no better than those
25 asserted in Valles. The Court addresses each below.
26     **B.    Plaintiffs' Overtime Claim**
27     In their third cause of action for violation of California
28 Labor Code § 204, Plaintiffs assert that Defendants failed to pay

them premium pay for overtime work as a result of the fact that Plaintiffs were denied their first and second meal periods. Compl. ¶ 33. Defendant argues that this constitutes an artfully pled claim for breach of a CBA since the CBA, not state law, governs Plaintiffs' overtime claims. Opp'n at 5-7. Defendant specifically points to California Labor Code § 514, which provides that California Labor Code § 510, which establishes a right to overtime pay, does not apply to an employee covered by a valid collective bargaining agreement.

The Ninth Circuit rejected arguments identical to the ones raised by Defendant in Gregory v. SCIE, LLC, 317 F.3d 1050 (9th Cir. 2003). In Gregory, the Ninth Circuit found that the plaintiff's overtime claims were not preempted by the LMRA, even though he was covered by a CBA. 317 F.3d at 1053. The Ninth Circuit explained:

> Even assuming the CBA provides premium wage rates for over-time, the question here is the same as that raised by [California Labor Code] Section 510: whether when overtime is paid under the CBA it is paid for all overtime hours worked, as required by California law. This is a question of interpretation of state law, not of the CBA, that we leave to the state court.

Id. A number of district courts have adopted the Ninth Circuit's reasoning in Gregory in similar contexts. See Avalos v. Foster Poultry Farms, 798 F. Supp. 2d 1156, 1162-1163 (E.D. Cal. 2011); Andino v. Kaiser Found. Hosps., No. C 11-04152 CW, 2011 U.S. Dist. LEXIS 135411, 8-9 (N.D. Cal. Nov. 23, 2011).

Accordingly, the Court finds that resolution of Plaintiffs' third cause of action would not require an interpretation of the CBA and, as such, would not trigger LMRA preemption.

### C. **Plaintiffs' Meal Period Claims**

Additionally, Defendant argues that Plaintiffs' meal period claims cannot be adjudicated without interpreting a number of distinct provisions in the CBA. Defendant first argues that Plaintiffs' meal period claims cannot be adjudicated without interpreting CBA provisions that guarantee drivers 40 hours of work per week and a full day's pay whenever a driver works any part of a day. Oppn'n at 7. Defendant reasons that, under these CBA provisions, a driver may be paid for all hours worked, even if a 30-minute meal period was not taken but was deducted. Id. at 10. Defendant argues that, in this situation, Plaintiffs are really alleging a violation of the CBA because there would be no state law violation. Id.

The Court disagrees. First, the Complaint does not seek damages for instances in which an employee received premium pay for time not worked, it only seeks damages for violations of the California Labor Code. Second, Defendant does not explain how the guaranteed pay provisions in the CBA are ambiguous or would require interpretation by the Court. A court may need to refer to these provisions to calculate damages, but such considerations are insufficient to support removal. See Livadas, 512 U.S. at 125 ("the mere need to 'look to' the [CBA] for damages computation is no reason to hold the state-law claim defeated by § 301").

Defendant also argues that Plaintiffs' claim for missed second meal periods will require an interpretation of Section 9 of the CBA. Opp'n at 8. Section 9 provides that the "Employer may establish a work week consisting of four (4) ten (10) hour days" and that the Employer "will not employ an employee for a work

7

period of more than (10) hours per day without providing the employee with a second meal period of no less than thirty (30) minutes, except that if the total hours worked are no more than twelve (12) hours, the second (2nd) meal period may be waived by mutual consent[.]" Id.

Defendant's argument is unavailing. Defendant once again fails to identify any ambiguity in the CBA which would require interpretation by the Court. Further, Plaintiffs do not allege a violation of Section 9 in their Complaint. Plaintiffs allege that Defendant violated Section 11 of California Wage Order No. 9-2001, which prohibits employers from requiring employees to work for a period of "more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes[.]" Compl. ¶ 22. The fact that the requirements of Wage Order No. 9-2001 and the CBA overlap does not warrant removal. See Livadas, 512 U.S. at 123 ("[I]t is the legal character of a claim, as 'independent' of rights under the [CBA] (and not whether a grievance arising from 'precisely the same set of facts' could be pursued) that decides whether a state cause of action may [be preempted]." (internal citations omitted)).

**D.    Plaintiffs' Allegations Regarding Scheduling and Routing Results**

Defendant contends Section 2 of the CBA, which provides that Defendant retains the right to direct and schedule the workforce, must be interpreted to adjudicate Plaintiffs' allegation that Defendant underestimates the travel and delivery time of each route and fails to schedule time for meal and rest breaks. Opp'n at 9. Specifically, Defendant argues that the Court will need to

interpret Section 2 to determine whether Defendant's scheduling methodology complies with the terms of the CBA. Id. This argument borders on the frivolous. Section 2 has no bearing on Plaintiffs' claims since a management rights clause cannot possibly exempt an employer from complying with mandatory state laws. Further, Defendant's argument distorts Plaintiffs' claims. Plaintiffs allege that Defendant's scheduling practices resulted in a violation of the California Labor Code, not a violation of the CBA.

### E. Defendant's Affirmative Defense

Finally, Defendant argues that the Court will need to interpret the CBA in order to adjudicate Defendant's affirmative defense to Plaintiffs' fifth and sixth causes of action, which are brought under California Labor Code Sections 226 and 203, respectively. Opp'n at 11. Employees are entitled to recover damages for "knowing and intentional" violations of Section 226, Cal. Labor Code § 226(e), and for "willful[]" violations of Section 203, id. § 203(a). Defendant asserts that any violations of Sections 226 and 203 were made in good faith and were based on Defendant's reasonable interpretation of the CBA. Opp'n at 11-12. Accordingly, Defendant reasons that the Court's adjudication of Defendant's response to Plaintiffs' fifth and sixth causes of action will require an analysis of the CBA. Id.

The Court disagrees. First, Defendant fails to identify what provisions of the CBA the Court would need to interpret in order to assess Defendant's affirmative defense. Second, Defendant's liability under Section 226 and 203 would turn on an analysis of Defendant's state of mind, not an interpretation of the CBA. Third, as the Supreme Court and Ninth Circuit have repeatedly held,

9

1  LMRA preemption is not warranted merely because a Defendant refers
2  to a CBA in mounting a defense.  See Caterpillar, Inc. v. Williams,
3  482 U.S. 386, 398-399 (1987); Detabali v. St. Luke's Hosp., 482
4  F.3d 1199, 1203 (9th Cir.  2007); Cramer, 255 F.3d at 691.
5       For these reasons, and the reasons set forth in Sections IV.A-
6  D above, the Court finds that Plaintiffs' claims do not require an
7  interpretation of the CBA and, as such, Defendant's removal of this
8  action to federal court was improper.  Accordingly, the Court
9  REMANDS this action to Alameda Superior Court.
10      **F.   Attorney's Fees**
11      Under 28 U.S.C. § 1447(c), when a federal court remands a
12  case, "it may require payment of just costs and any actual
13  expenses, including attorney fees, incurred as a result of
14  removal."  "Absent unusual circumstances," courts may award
15  attorney's fees under § 1447(c) where the removing party "lacked an
16  objectively reasonable basis for seeking removal."  Martin v.
17  Franklin Capital Corp., 546 U.S. 132, 141 (2005).
18      The Court finds that an award of attorney's fees would be
19  inappropriate in the instant action.  While Defendant's arguments
20  in support of removal are flawed in several respects, the Court
21  does not find that they lack an objectively reasonable basis.
22  Further, the arguments advanced in Defendant's opposition papers
23  are consistent with its position in the Notice of Removal,
24  suggesting that Defendant researched the issue before following
25  through with removal.
26  ///
27  ///
28  ///

**V.  CONCLUSION**

For the foregoing reasons, Plaintiffs Charles Smith, Craig Andrade, Darryl Shaw, and Gary Elizarrey's motion to remand is GRANTED.  The Court REMANDS this action to the Superior Court of the State of California in and for the County of Alameda.

IT IS SO ORDERED.

Dated:  February 14, 2012

UNITED STATES DISTRICT JUDGE